INTERBORO TRUCKING CO., INC., PROSECUTOR, v. BOARD OF ADJUSTMENT OF THE CITY OF PERTH AMBOY, RESPONDENT.

Submitted January 21, 1947—Decided May 22, 1947.

Before CASE, CHIEF JUSTICE, and Justices HEHER and COLIE.

For the prosecutor, *John E. Toolan* (*Huyler E. Romond,* of counsel).

For the respondent, *Francis M. Seaman.*

The opinion of the court was delivered by

COLIE, J.  This is a zoning matter in which the prosecutor holds a writ of *certiorari* to review a resolution of the Board of Adjustment of Perth Amboy, denying a variance from the zoning ordinance so as to permit the erection of a one story office building upon property owned by it at the southeast corner of Summit Avenue and Spruce Street in Perth Amboy. The lot upon which prosecutor desires to erect the office building is in an area designated by the zoning ordinance of the City of Perth Amboy as a residence district.

In the adjacent block to the east, prosecutor conducts its general trucking business, including a garage and maintenance plant, and has done so for 26 years. About a year prior to the denial of the variance, the Zoning Board of the

City of Perth Amboy by appropriate resolution permitted the prosecutor to extend its then existing garage to the east.

The action that was taken in 1945 was the enlargement of a non-conforming use that had existed prior to the adoption of the zoning ordinance, whereas the present application is one to add a non-conforming use in an area designated as residential.

To warrant this court in reversing the decision of the Board of Adjustment, the evidence must establish that the restriction on the use of the property creates such unnecessary hardship in the setting of its environment as to be unreasonable and an arbitrary and capricious interference with the right of private property. A blueprint attached to and made part of the state of case indicates clearly that in the area bounded on the west by Amboy Avenue, on the east by Pine Street, on the north by Wagner Avenue and on the south by Leon Avenue, the use to which the property has been put, in so far as it is not vacant land, is predominantly residential, excepting for the existence of a number of non-conforming uses, varying from the business of the prosecutor to taverns, excepting therefrom the frontage on Amboy Avenue which is zoned for business.

Each of these zoning matters must be determined on the facts in the specific case under consideration and in the instant case the proofs fall far short of establishing that the denial of the variance works that unnecessary hardship, proof of which is a jurisdictional *sine qua non* to the granting of the variance. *Scaduto* v. *Bloomfield,* 127 *N. J. L.* 1.

The writ of *certiorari* is dismissed, with costs.